Roger JOPP, Respondent,

v.

**AUTO–OWNERS INSURANCE, Appellant.**

No. C7–85–1231.

Court of Appeals of Minnesota.

Nov. 19, 1985.

Robert M. Albrecht, Hallock, for respondent.

Robert J. Schmitz, Crookston, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Respondent Roger Jopp brought a claim under the Uniform Declaratory Judgments Act, Minn.Stat. § 555.02 (1984), asking the trial court to determine that he was insured under his father's auto insurance policy. Appellant Auto-Owners Insurance had denied respondent's claim, citing the exclu-

sion in the no-fault act that refers to racing contests, Minn.Stat. § 65B.59 (1984).

The trial court ruled that respondent was entitled to no-fault benefits, and judgment was entered on April 29, 1985.

## FACTS

Respondent Roger Jopp was injured in an automobile accident on July 6, 1984. A truck Jopp owned was then insured by Auto-Owners Insurance under his father's policy.

Jopp also owned a 1983 Camaro racing vehicle not licensed for use on the public highways. He bought the car in 1983 so his brother Kevin could race it. Roger never raced the car, however he occasionally performed routine maintenance and repairs on the Camaro during races.

On the day of the accident, Kevin Jopp was racing the Camaro in Grand Forks, North Dakota. Roger checked the Camaro before the races and then sat in a pickup truck during the course of the races. Roger's truck was located in a parking lot used both for spectators and for maintenance of the racing vehicles.

After the races were finished, Roger saw his brother Kevin drive into the parking area in the Camaro. Kevin stopped in the parking area because of the traffic there and was unable to get the car running again. Roger went over to help Kevin. They both went to the driver's side of the Camaro and were pushing it toward its trailer when a spectator, Vicki Corbit, ran into the Camaro on the passenger side. The Camaro slid over, pinning Roger between the Camaro and another race car. As the car continued to roll, it freed Roger.

The parking lot area where the accident occurred is separated from the racing area. At the time of the accident, all racing for the day was over and the motor on the Camaro was off.

## ISSUE

Was Roger Jopp injured "in the course of an official racing contest" and thereby excluded from no-fault coverage?

## ANALYSIS

Minn.Stat. § 65B.59 (1984) provides:

A person who is injured in the course of an official racing contest, other than a rally held in whole or in part on public roads, or in practice or preparation therefor is disqualified from basic or optional economic loss benefits. His survivors are not entitled to basic or optional economic loss benefits for loss arising from his death.

The trial court's memorandum stated in part:

Words and phrases within a statute are to be construed according to rules of grammar and according to their common and approved usage. Minn.Stat 645.08(1) (1984).

It is apparent that Mr. Jopp was not injured in the course of an official racing contest. The race was over. Nor was he injured at a time when he was engaged in practice or preparation for an official racing contest. The race was over.

\* \* \* \* \* \*

The injury to Mr. Jopp was caused by the act of a driver of a non-racing vehicle, a pickup truck. The injury occurred after the race was over, in a parking lot where spectators, and others not involved with the race, were allowed admission. The accident did not result from "a danger" incidental to racing or practice or preparation for such.

The trial court's findings are clear and uncontroverted by the evidence. We agree with the trial court's analysis that this is not the type of racing risk excluded by § 65B.59.

Michael K. Steenson briefly discusses Minn.Stat. § 65B.59 in his article, *No-Fault in a Fault Context: Tort Actions and Section 65B.51 of the Minnesota No-Fault Automobile Insurance Act*, 2 Wm. Mitchell L.Rev. 109, 118–21 (1976). Steenson states:

Since official races which do not use public roads do not entail the normal risks

associated with usual motor vehicle travel, accidents arising from such races are excluded from the no-fault system which has as its principal concerns the ordinary risks of automobile travel.

*Id.* at 121.

This analysis coincides with the trial court's plain reading of the statute. Roger Jopp was not injured in a race, or in practice or preparation for a race. He was injured in a public parking lot at a sporting event. His racing car was not even operable at the time. His injury was the result of a normal risk associated with motor vehicle travel. Section 65B.59 was not intended to exclude this injury from the aegis of the no-fault act.

## DECISION

The trial court properly ruled that injuries caused by a racing vehicle in a parking lot after the races were over was not excluded from no-fault coverage. Affirmed.